### HEARD IN VACATION BY CONSENT AS OF THE JULY TERM—1882.

*Judd, C. J., McCully and Austin, J.J.*

---

### A. DREIER *vs.* KUAA ET AL.

---

ON APPEAL FROM CIRCUIT JUDGE FOURTH JUDICIAL CIRCUIT ON POINTS OF LAW.

THE DEFENDANTS CONTRACTED to work for plaintiff. His plantation, where the defendants worked, was sold to others, except one one-hundredth, which was retained, but plaintiff agreed to sell that portion to the same grantee on demand for one dollar.

HELD, that the whole plantation was substantially sold and intended to be sold, and, therefore, that the case of Waihee Plantation *vs.* Kalapu, 3d Haw. Rep., 769, is decisive of this case for the defendants, and they cannot be compelled to work on this plantation.

Opinion of the Court by AUSTIN, J.

This is an appeal by the plaintiff from the decision of the

A. Dreier *v.* Kuaa *et al.*

District Court of Koloa, Kauai, which finds the defendants not guilty of desertion as charged.

By the contracts they agree to work for the plaintiff on the Island of Kauai as he shall direct, and obey all lawful commands of Dreier; his agent or overseers.

The defendants claim that they have not refused to work as agreed.

It was shown that they were required to work on a part of the Koloa sugar plantation and refused to do so; and that this plantation, having and excepting an undivided one-hundredth part thereof and of the debts due by defendants on their said contract, had been sold and assigned by Dreier to Adolph Haneberg; and by him to the Koloa Sugar Company who now own it.

It further appeared that Dreier had agreed to convey said one-hundredth part to Haneberg or his representatives by deed upon written demand thereof for the consideration of one dollar, and this agreement had been duly assigned to the said Koloa Sugar Company.

The plaintiff's counsel avowed on the argument, and it is plainly manifest, that the object of retaining this small interest in the plantation was, if possible, substantially, to transfer the rights to the contract labor on the plantation to new hands, and thereby to escape the force of the decision of the full Court in the case of the Waihee Plantation *vs.* Kalapu, 3d Haw. Rep., p. 760, made at the January Term, 1877. That case is decisive of this, and the decision of the District Court was right, and must be affirmed, unless the retention of this purely nominal interest, amounting to one dollar in value, leaves the work done on that plantation in part, work done for Dreier, and by his direction or the direction of his agent or overseers.

We cannot think so. We think he retains no substantial interest in the work done or the profits arising on that plantation. The maxim *de minimis non curat lex* applies.

If the decision referred to was properly made and we are bound to hold that it was, it ought not to be set at naught by such a device as that shown in this case.

We fully recognize the common circumstance that a laborer engaging to work for another, may not work directly under his personal supervision and may have but little or no personal contact with him, being under the direction of his agents or overseers. But those who direct the labor of the defendants cannot be considered as the agents, overseers or representatives of the original contracting master.

We cannot direct the defendant's labor on this plantation for he has no interest in it, there is no privity of contract between these laborers and the owner of the Koloa Sugar Company, and therefore the defendants cannot be compelled to work in this plantation.

Judgment of lower Court affirmed.

A. S. Hartwell and W. O. Smith for plaintiff.

J. Russell for defendants.

Honolulu, June 19, 1882.